IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STANLEY YELARDY, | § | |
| | § | |
| Defendant Below, | § | No. 48, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0303008652A (N) |
| | § | |
| Appellee. | § | |

Submitted: September 14, 2022
Decided: October 14, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, the Court concludes that:

(1) The appellant, Stanley Yelardy, filed this appeal from a Superior Court order dismissing his request for a certificate of eligibility to file a petition for sentence modification under 11 *Del. C.* § 4214(f). The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Yelardy's opening brief that the appeal is without merit. We affirm the Superior Court's judgment.

(2) In 2004, a Superior Court jury found Yelardy guilty of four counts of first-degree robbery, four counts of possession of a firearm during commission of a

felony ("PFDCF"), and other offenses.  The charges arose from a bank robbery that occurred on March 12, 2003.  Following the guilty verdict, the State moved to declare Yelardy a habitual offender under 11 *Del. C.* § 4214(a) based on three predicate felony convictions:  a 1970 federal bank robbery conviction under 18 U.S.C. § 2113(a), for conduct that occurred in December 1969; a 1975 federal armed robbery conviction under 18 U.S.C. § 2113(d), for conduct that occurred in August 1973; and 1992 New Jersey state convictions for burglary, theft of a motor vehicle, theft, and receiving stolen property, for conduct that occurred in June 1987.[1]  The Superior Court granted the habitual-offender motion and, on January 19, 2005, sentenced Yelardy to twenty years of imprisonment for each of the four counts of first-degree robbery and each of the PFDCF counts, for a total of 160 years of unsuspended prison time.  This Court affirmed on direct appeal[2] and affirmed the Superior Court's denial of Yelardy's motion for postconviction relief.[3]

(3)    This appeal arises from the Superior Court's dismissal of Yelardy's *pro se* request for a certificate of eligibility to file a petition for sentence modification under 11 *Del. C.* § 4214(f).  Before addressing the merits, we note that on October 11, 2022, Yelardy filed a motion to strike the State's motion to affirm.  He argues that Supreme Court Rule 25 does not permit a motion to affirm in this appeal because

---

[1] Motion to Affirm, Exhibit B.
[2] *Yelardy v. State*, 2008 WL 450215 (Del. Feb. 20, 2008).
[3] *Yelardy v. State*, 2011 WL 378906 (Del. Jan. 31, 2011).

he is appealing the denial of a certificate of eligibility under Section 4214(f) and not an order relating to a motion for postconviction relief under Rule 61. Rule 25(a) permits a motion to affirm in "appeals of criminal matters *other than* direct appeals of convictions after trial and timely first motions for postconviction relief under Superior Court Criminal Rule 61 when there was a conviction after trial."[4] This appeal is in a "criminal matter" and is not a direct appeal or a first motion for postconviction relief. The State's motion to affirm is therefore permissible under Rule 25(a), and Yelardy's motion to strike is denied.

(4) We turn now to the merits of this appeal. Effective July 19, 2016, the General Assembly amended the habitual-offender statute to authorize people who were sentenced as habitual offenders before July 19, 2016, and meet certain other eligibility criteria to petition for modification of their sentences.[5] The current version of Section 4214 provides, in relevant part:

> Notwithstanding any statute, court rule or regulation to the contrary, beginning January 1, 2017, any person sentenced as an habitual criminal to a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to subsection (a) of this section, or a life sentence pursuant to subsection (b) of this section prior to July 19, 2016, shall be eligible to petition the Superior Court for sentence modification after the person has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense or offenses, whichever is greater. . . . For the purposes of this subsection, the "applicable mandatory sentence" shall be calculated by reference to the penalties

---

[4] Del. Supr. Ct. R. 25(a) (emphasis added).
[5] *Walker v. State*, 2020 WL 2125803, at *1, 2 (Del. May 4, 2020).

> prescribed for the relevant offense or offenses by this Code as of July 19, 2016, unless said offense has been repealed, in which case the penalties prescribed by this Code at the time of the act repealing said offense shall be controlling. . . .[6]

Thus, to be eligible to petition for sentencing relief under § 4214(f), "an inmate serving a sentence (or sentences) imposed under the pre-2016 Habitual Criminal Act must meet both a type-of-sentence and the time-served requirement."[7]

(5)     Under Superior Court Special Rule of Procedure 2017-1, which the Superior Court enacted as directed by the General Assembly in Section 4214(f), a request for a certificate of eligibility under Section 4214(f) may be filed only by the petitioner's attorney of record, whether privately retained or assigned by the Office of Defense Services.[8]  The Superior Court will not consider a *pro se* request under Section 4214(f) unless the petitioner is granted permission to proceed *pro se*.[9]

(6)     After the Office of Defense Services declined to file a request on Yelardy's behalf, concluding that he did not meet the time-served requirement under Section 4214(f), Yelardy filed his request *pro se*.  The Superior Court stated that, even if the court allowed Yelardy to proceed *pro se*, it was apparent that Yelardy

---

[6] 11 *Del. C.* § 4214(f) (effective July 11, 2018, through present).

[7] *State v. Henry*, 2022 WL 4112850, at *2 (Del. Super. Ct. Sept. 9, 2022); *see also State v. Lewis*, 2018 WL 4151282, at *1-2 (Del. Super. Ct. Aug. 28, 2018) (stating that Section 4214(f) imposes both a type-of-sentence and a time-served requirement), *aff'd*, 2019 WL 2157519 (Del. May 16, 2019).

[8] DEL. SUPER. CT. SPEC. R. PROC. 2017-1(c)(2).

[9] *Id.*

was not eligible to seek relief under Section 4214(f) because he did not meet the time-served requirement. The Superior Court determined that Yelardy's federal convictions for bank robbery and armed robbery "were both 'serious violent felonies' under federal law" and, therefore, "under the current version of the Habitual Criminal Act, Yelardy is eligible for sentencing under Section 4214(c) or (d), and his minimum mandatory sentence for the Robbery and PFDCF charges in this case remains at 160 years." The court concluded that, because Yelardy has not served 160 years, "he does not meet Section 4214(f)'s requirement that he serve 'a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section'" and dismissed his request for a certificate of eligibility.

(7)     On appeal, Yelardy argues that he meets the time-served requirement because he has served the "applicable mandatory sentence" for *one* of the offenses for which he was sentenced as a habitual offender. That argument is without merit. For a person who is serving habitual-offender sentences for multiple felony convictions in a single case to satisfy the time-served requirement, "each individual count must be eligible for § 4214(f) relief."[10]   The effective date of Yelardy's sentence was March 12, 2003. Even if he has served the "applicable mandatory sentence" for one of the eight counts for which he was sentenced as a habitual

---

[10] *State v. Wright*, 2022 WL 1013311, at *2-3 (Del. Super. Ct. Apr. 1, 2022).

offender, it is clear that he has not served the applicable mandatory sentence for all eight.

(8)    Yelardy was sentenced under Section 4214(a) for each of the four robbery offenses and each of the four PFDCF offenses.  When Yelardy committed those offenses, Section 4214(a) provided that a defendant with three predicate felony convictions could receive a sentence of up to life imprisonment and "shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the 4th or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title."[11]  First-degree robbery and PFDCF were class B, violent felonies,[12] and class B felonies carried a maximum penalty of twenty years of incarceration.[13]  The sentencing judge imposed a sentence of twenty years for each count of first-degree robbery and PFDCF, the minimum-mandatory sentence under Section 4214(a) at the time.

(9)    To satisfy the time-served requirement, Yelardy must have served the "applicable mandatory sentence otherwise required by this section or the statutes

---

[11] 11 *Del. C.* § 4214(a) (2003); 11 *Del. C.* § 4201(c) (2002).
[12] 11 *Del. C.* § 832(a) (2002); *id.* § 1447A(a) (2003).
[13] 11 *Del. C.* § 4205(b)(2) (2002).

describing said offense or offenses, whichever is greater"[14] for each count. For purposes of Section 4214(f), "the 'applicable mandatory sentence' shall be calculated by reference to the penalties prescribed for the relevant offense or offenses by this Code as of July 19, 2016."[15] On July 19, 2016, first-degree robbery and PFDCF were class B felonies,[16] and class B felonies were subject to a sentence of up to twenty-five years.[17] For purposes of calculating Yelardy's "applicable mandatory sentence," however, the Superior Court and the State have used the twenty-year maximum for class B felonies that was in effect when Yelardy committed the offenses at issue. Because using the lower maximum works to Yelardy's advantage and does not change the result here, we use that figure for purposes of this order, without deciding whether Section 4214(f) actually requires use of the twenty-five year maximum that was in effect on July 19, 2016.

(10) Determining whether the time-served requirement is satisfied sometimes "requires the Court to determine where in the new habitual criminal sentencing regime a potential § 4214(f) petitioner would fall . . . based on considerations such as whether a predicate felony conviction was for a Title 11 violent felony—something that was of no moment" when the habitual-offender

---

[14] 11 *Del. C.* §§ 4214(f) (effective July 11, 2018, through present).

[15] *Id.*

[16] 11 *Del. C.* § 832(a) (effective through Aug. 2, 2016); 11 *Del. C.* § 1447A(a) (effective through May 23, 2018).

[17] 11 *Del. C.* § 4205(b)(2) (effective June 30, 2003, through present).

determination originally occurred.[18] The Superior Court did that here by deciding that Yelardy would be subject to sentencing under Section 4214(c) or (d) based upon his predicate offenses. But we need not even go that far to affirm the Superior Court's determination that Yelardy has not satisfied the time-served requirement. It is uncontested that Yelardy was subject to sentencing as a habitual offender and that first-degree robbery and PFDCF are violent felonies.[19] The version of Section 4214 that was in effect on July 19, 2016—and the version currently in effect—establish two possible minimum-mandatory sentences for a violent felony. Depending on the nature and number of the predicate offenses, the court shall impose either (i) "a minimum sentence of ½ of the statutory maximum penalty provided elsewhere in this title" for the violent felony for which the habitual-offender sentence is being imposed[20] or (ii) "a minimum sentence of the statutory maximum penalty provided elsewhere in this title" for the violent felony for which the habitual-offender sentence is being imposed.[21] Thus, even assuming that Yelardy's predicate convictions would not qualify for the higher minimum-mandatory sentence and that the twenty-year maximum for class B felonies applies, he would have to serve *at least* 80 years to

---

[18] *State v. Lewis*, 2018 WL 4151282, at *2 (Del. Super. Ct. Aug. 28, 2018), *aff'd*, 2019 WL 2157519 (Del. May 16, 2019).

[19] Section 4201(c) has listed first-degree robbery and PFDCF as violent felonies at all relevant times. 11 *Del. C.* § 4201(c) (2002); *id.* (effective Sept. 3, 2015, through present).

[20] 11 *Del. C.* § 4214(b) (effective July 19, 2016, through Apr. 12, 2017); *id.* (effective July 11, 2018, through present).

[21] 11 *Del. C.* § 4214(c), (d) (effective July 19, 2016, through Apr. 12, 2017); *id.* (effective July 11, 2018, through present).

satisfy the time-served requirement. He has not done so, and we therefore affirm the Superior Court's dismissal of his request for a certificate of eligibility to file a petition for sentence modification under 11 *Del. C.* § 4214(f).

NOW, THEREFORE, IT IS ORDERED that the appellant's motion to strike is DENIED, the appellee's motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice